UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KURT BERRY, | ) | CASE NO: |
| Plaintiff, | ) | **COMPLAINT** |
| v. | ) | |
| BANK OF AMERICA, N.A., | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | SEPTEMBER 13, 2013 |

NOW COMES, the Plaintiff, KURT BERRY (hereinafter, the "Plaintiff"), by and through the LAW OFFICES OF JOSHUA B. KONS, LLC, and for his complaint against the Defendant, BANK OF AMERICA, N.A. (hereinafter, the "Defendant"), the Plaintiff states as follows:

## I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Federal Fair Debt Collection Practices Act (hereinafter "FDCPA"), *15 U.S.C. §1692*, et seq.

## II.   JURISDICTION & VENUE

2. Plaintiff brings this action under *15 U.S.C. §1692k*, asserting original jurisdiction of this court for civil actions arising under the laws of the United States.

3. Plaintiff also brings certain claims as denoted herein pursuant to *28 U.S.C. §1367*, asserting supplemental jurisdiction over those claims herein which does not arise under the laws of the United States but which are part of the same case and controversy alleged herein.

4. Venue is proper in this district pursuant to *28 U.S.C. §1391(b)*.

5. Defendant conducted business in the state of Connecticut, and therefore, personal jurisdiction is established.

1

### III. PARTIES

6. KURT BERRY is an individual who was at all relevant times residing in the city of Torrington, Connecticut. Torrington is situated in the District of Connecticut. Plaintiff subsequently relocated to Greensboro, North Carolina where he currently resides.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. §1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. §1692a(5)*.

8. BANK OF AMERICA, N.A. is a business entity that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection in the State of Connecticut. Defendant is a national company with its principal place of business in Charlotte, North Carolina.

9. At all relevant times, Defendant was a debt collector as that term is defined by *15 U.S.C. §1692a(6)*, and sought to collect a consumer debt from Plaintiff.

10. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. FACTUAL ALLEGATIONS

11. In or about June 2005, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by *15 U.S.C. §1692a(5)*, namely, a first mortgage with the Defendant with account number ending in 4333 (the "First Mortgage"). Thereafter, in May 2007, the Plaintiff incurred another financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by *15 U.S.C. §1692a(5)*, namely, a second mortgage with the Defendant

with account number ending in 2484 (the "Second Mortgage"). Both the First Mortgage and Second Mortgage (collectively referred to as the "Mortgages") were incurred for the Plaintiff's principal place of residence, which was a property located at 223 Ginger Lane, Torrington, CT 06790 (the "Torrington Property"). Sometime after entering into the Mortgages, Defendant assigned and/or sold the Mortgages. Upon information and belief, Defendant later entered into an arrangement with the current assignee/owner of the Mortgages whereby it would act as the servicer of the Mortgages.

12. Despite a consistent payment history, as a direct and proximate result of the difficult economic conditions that ensued during the Great Recession, the Plaintiff was forced to file for Chapter 7 bankruptcy in July 2010. Both the First Mortgage and the Second Mortgage were listed as secured creditors on his voluntary bankruptcy petition. (*See*, Exhibit A.) On November 3, 2013, the Plaintiff was granted discharge of his debts, which included the Mortgages. (*See,* Exhibit B.)

13. Notwithstanding the discharge of the Mortgages in bankruptcy, the Defendant continued to contact the Plaintiff on a regular basis to, among other things, attempt to collect the outstanding balance on the Mortgages – which included the principal of the Mortgages along with accrued interest and applicable late penalties and charges. At various points in time after receiving these collection communications from the Defendant, the Plaintiff contacted the Defendant to advise it that, among other things, (i) the Mortgages had been discharged pursuant to his Chapter 7 bankruptcy in 2010; (ii) that he was not legally obligated to pay debts that were discharged in bankruptcy; and (iii) that as a result of the discharge of the Mortgages in his bankruptcy that he requested that they cease contacting him regarding the Mortgages.

14. Despite these reasonable requests, the Defendant continued to engage in these illegal collection attempts, which included telephone calls and written correspondence. The Plaintiff

continues to receive these illegal collection attempts from the Defendant to this day. Many of the communications from the Defendant were attempts to collect debts that were previously discharged in the Plaintiff's bankruptcy, and were therefore made in a harassing manner.

15. In addition, many of these communications were false, deceptive and/or misleading in that they would lead even the least sophisticated consumer to believe that the Defendant was seeking payment for the Mortgages as opposed to communicating with the Plaintiff about any prospective proceeding or transaction to convey the property back to the Defendant (including, but not limited to a deed in lieu of foreclosure or a foreclosure proceeding). Moreover, some of these communications related to the Mortgages were made to and received by third parties – including the Plaintiff's neighbors – in violation of the FDCPA.

16. Given that on multiple occasions the Plaintiff notified the Defendant of the fact that the Mortgages had been previously been discharged in bankruptcy, the Defendant knew or should have known that the Plaintiff was not legally obligated to make any payments on the Mortgages and therefore its communications were in violation of the FDCPA. Nonetheless, instead of attempting to check its records to verify whether or not the Mortgages had in fact been discharged in bankruptcy and that its communications should cease, the Defendant chose to continue its attempts to collect on the Mortgages from the Plaintiff in a harassing and abusive manner.

17. As a result of the Defendant's attempts to collect on the Mortgages from the Plaintiff which were already discharged in bankruptcy, the above-described collection activity that the Defendant engaged in (including the telephone calls and written correspondence regarding the Mortgages) were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to *15 U.S.C. §1692f(1)*, *15 U.S.C. §1692e(2)(A)* and *15 U.S.C. §1692e(5)*.

18. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions.

19. In particular, these abusive collections efforts put an emotional strain on the Plaintiff's second marriage as, for a prolonged period of time, the Plaintiff's second wife could not believe why the Defendant would continue to contact the Plaintiff so frequently about the Mortgages if in fact that the Mortgages were previously discharged in bankruptcy. Although they have subsequently rebuilt the trust that they had in their relationship, the Defendant's abusive efforts to collect a debt that had previously been discharged in bankruptcy collections efforts caused the Plaintiff and his second wife to suffer a tremendous amount of undue stress and emotional distress.

## V. TRIAL BY JURY

20. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

## VI. CAUSES OF ACTION

### COUNT I: DEFENDANT VIOLATED THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff incorporates by reference and re-alleges the allegations set forth above as if fully stated herein.

22. Defendant is a "debt collector" as defined by *15 U.S.C. §1692a(6)*.

23. Plaintiff is a "consumer" as defined by *15 U.S.C. §1692c(d)* and *15 U.S.C. §1692a(3)*.

24. Defendant's actions violated the Federal Fair Debt Collection Practices Act ("FDCPA"). Defendant's violations include, but are not limited to, the following:

(a) Attempting to collect a debt amount that is not expressly authorized by an agreement or permitted by law in violation of *15 U.S.C. §1692f(1)*.

(b) Falsely representing the character, amount, or legal status of the alleged debt in violation of *15 U.S.C. §1692e(2)(A)*.

(c) Threatened to take an action that cannot legally be taken in violation of *15 U.S.C. §1692e(5)*.

25. As a proximate result of the above mentioned violations, Plaintiff has suffered, as herein alleged, actual damages in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

26. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to *15 U.S.C. §1692k(a)(1)*, statutory damages in the amount of $1,000 pursuant to *15 U.S.C. §1692k(a)(2)(A)*, and reasonable attorneys fees and costs pursuant to *15 U.S.C. §1692k(a)(3)*.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff KURT BERRY, by and through his attorney, respectfully requests that request that the court find that the Defendant, BANK OF AMERICA, N.A., has violated has violated Federal Fair Debt Collection Practices Act, and respectfully requests judgment be entered against the Defendant for the following:

1. All actual compensatory damages suffered pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. §1692k(a)(1)*;

2. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. §1692k*(a)(2)(A);

6

3. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. §1692k*(a)(3)*;*

4. Actual damages for the emotional distress suffered as a result of the intentional, reckless, and/or negligent violations of the Fair Debt Collection Practices Act in an amount to be determined at trial for the Plaintiff;

5. Punitive damages to punish the Defendant for its reckless and intentional misconduct; and

6. Such other and further relief as may be just and proper.

Dated this September 13, 2013

                Respectfully submitted,
                **KURT BERRY**

                By: /s/ Joshua B. Kons_____

                Joshua B. Kons (ct29159)
                LAW OFFICES OF JOSHUA B. KONS, LLC
                50 Albany Turnpike, Suite 4024
                Canton, CT 06019
                T: 860-920-5181
                E: joshuakons@konslaw.com